## LE BRET *vs.* BELZONS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

The declarations of a witness on his *voir dire*, touching his interest and connection with one of the parties to the suit, are entitled to greater credit than his statements to a third person when not under oath.

If some parts of the evidence offered in a case is irrelevant, it affords no good ground to reject the whole. The objectionable parts only should be disregarded.

Irrelevant testimony will be disregarded in this court, but furnishes no ground for remanding a cause.

Bills of exception to the admissibility or rejection of evidence, should state the grounds on which the parties rely, in so clear a manner as to enable the court to comprehend them. Inadmissibility is perhaps too general an objection.

This is an action against the defendant, to recover the sum of four hundred dollars in damages, for failing and refusing to issue an execution, as clerk of the Parish Court of Pointe Coupée, on a judgment which the plaintiff alleges he had obtained in said court against one Devall, for two hundred and eighteen dollars, with interest and costs.

He alleges, that he several times demanded of the defendant, as clerk, to issue a *fieri facias* on his said judgment, to the parish of West Feliciana, against the property of Devall,

EASTERN DIST.
March, 1839.

LE BRET
vs.
BELZONS.

situated therein, and that he constantly refused ; as also did his deputy, (Valery Ledoux) by reason of which he has lost his debt. He, therefore, prays judgment for four hundred dollars in damages, which he has sustained in consequence of the refusal of the defendant to issue said writ, as he was bound to do by law.

The defendant pleaded a general denial, and upon this issue the cause was tried by the court.

On the trial, several bills of exception were taken, in relation to evidence and witnesses offered by the parties. The substance of these exceptions are stated in the opinion of the court, and need not be recapitulated. The appellant relied on these exceptions for the reversal of the judgment.

The district judge gave judgment for the defendant, from which the plaintiff appealed.

*Stevens*, for the appellant.

*L. Janin, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff seeks to recover from the defendant, clerk of the court of the fourth district, the amount of a judgment which he had obtained against one Devall, in that court, on the ground that he was disabled from having satisfaction thereof, through the great neglect and delay of the present defendant in issuing execution.

The general issue was pleaded ; there was judgment for the defendant, and the plaintiff appealed.

The declaration of a witness on his voir dire, touching his interest and connection with one of the parties to the suit, are entitled to greater credit than his statements to a third person, when not under oath.

Our attention is first drawn to a bill of exceptions, taken by the plaintiff to the admission of Ledoux, a witness offered by the defendant, on the ground of interest. It being alleged that he was the defendant's deputy, and entitled to a portion of the fees, as a compensation for his services. The witness being examined on the *voir dire,* deposed, that he was compensated by a salary, and not by a portion of the fees. This was attempted to be disproved by the testimony of Mix, which was received without opposition. He deposed that he

heard Ledoux say, within two months, that he had one half of the fees of said office as his compensation for the last year, as deputy clerk.

It does not appear to us the court erred. The plaintiff had called on Ledoux to *swear*, and the court correctly gave greater credit to what he *swore*, than to what he had said when not under oath.

Another bill of exceptions taken by the plaintiff, is to the admission of two documents or pieces of testimony, which were objected to, one on an allegation that it contradicted the sheriff's return ; the other, on the score of irrelevancy. We have examined the testimony, and find that it contains a number of facts which have no relation to the sheriff's return ; and if any of them had, it afforded no ground to reject the whole ; and the objectionable part must be disregarded. Irrelevancy of documentary or testimonial proof, is a ground of objection, principally because it creates loss of time, and often confusion. Irrelevant matter is disregarded in this court, but affords no ground for remanding a cause.

If some parts of the evidence offered in a case, is irrelevant, it affords no good ground to reject the whole. The objectionable part only should be disregarded. Irrelevant testimony will be disregarded in this court, but it furnishes no ground for remanding a cause.

The last bill is to the admission of the testimony of Janin, as irrelevant and inadmissible. Part of what has been just said applies to the objection on the score of irrelevancy. In bills of exception, the grounds on which the parties rely ought to be stated in so clear a manner, as to enable the court clearly to comprehend them. Inadmissibility is, perhaps, too general an objection. Be that as it may, as the case was not tried by a jury, the error of the inferior court, if any existed, could not require the remanding of the case, as the effect of it would be cured by disregarding the evidence.

Bills of exception to the admissibility or rejection of evidence, should state the grounds on which the parties rely, in so clear a manner as to enable the court to comprehend them. Inadmissibility is perhaps too general an objection.

On the merits, a thorough examination of the record and evidence, has not enabled us to discover that the plaintiff is entitled to relief at our hands.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.